O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3224 PSG (JTSLx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | E & S International Enterprises, Inc. v. Yellow Freight System, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Angela Bridges for WH | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers) Order Granting Summary Judgment for Defendant [Document #27]**

Before the Court is Defendant's motion for summary judgment.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court hereby GRANTS Defendant's motion.

## I.    Background

On May 11, 2007, E & S International Enterprises, Inc. ("Plaintiff") contracted with Yellow Transportation System, Inc. ("Defendant")[1]  for the transportation of 2,200 iPods ("the cargo") from Van Nuys, California to Canton, Ohio.  Defendant accepted the cargo for transportation pursuant to the terms and conditions of Bill of Lading No. 1261633, as well as Yellow's Rules and Conditions in effect at that time, which limited Yellow's liability for loss or damage of cargo to $25.00 per pound.  The bill of lading indicated that the weight of the cargo was 1265 pounds.  It contained a handwritten notation, "Additional liability requested in the amount of $300,000.00."  Accordingly, Defendant arranged for coverage for the cargo in the amount of $300,000 through its excess insurer.  Plaintiff was charged and paid for this additional coverage based upon the value of the cargo as indicated by Plaintiff.

Defendant failed to deliver the cargo to its destination in Canton.  After investigating, Defendant was unable to determine the cargo's whereabouts.  Therefore, Defendant paid

---

[1]  Defendant Yellow Freight System, Inc. ceased to exist in 2002 through a name change to Yellow Transportation, Inc.  *Blaylock Decl.* ¶ 3.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3224 PSG (JTSLx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | E & S International Enterprises, Inc. v. Yellow Freight System, Inc., et al. | | |

Plaintiff $31,625, which represented Defendant's maximum liability of $25.00 per pound, and an additional $300,000 through the excess insurance policy.

Plaintiff filed suit against Defendant in state court on April 8, 2008, and Defendant removed the action to this Court on May 15, 2008. On May 23, 2008, Plaintiff filed a first amended complaint ("FAC") for liability pursuant to the Carmack Amendment and declaratory relief. On July 7, 2008, the Court granted Defendant's motion to dismiss Plaintiff's claim for declaratory relief. Defendant now moves for summary judgment on the remaining cause of action.

II.   Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257.

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51. If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

III.   Discussion

Plaintiff is seeking damages of $44,195, a figure that allegedly represents the difference between the value of the cargo and the amount paid. Defendant admits that it did not deliver the cargo to its destination. However, it contends that it has met its obligations under Bill of Lading

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3224 PSG (JTSLx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | E & S International Enterprises, Inc. v. Yellow Freight System, Inc., et al. | | |

No. 1261633 and applicable law by paying Plaintiff its maximum liability of $25.00 per pound ($31,625) and $300,000 through the excess insurer, for a total of $331,625.  Defendant argues that it is entitled to summary judgment on the grounds that the bill of lading validly limited its liability.

The Carmack Amendment, 49 U.S.C. § 14706(a), subjects a motor carrier transporting commerce in interstate commerce to absolute liability for "actual loss or injury to property."  *See Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 611 (9th Cir. 1992).  However, a carrier may limit its liability for any such damage pursuant to 49 U.S.C. § 14101(b)(1).  In order to effectively limit its liability, the carrier must (1) give the shipper a reasonable opportunity to choose between two or more levels of liability; (2) obtain the shipper's agreement as to its choice of carrier liability limit; and (3) issue a bill of lading prior to moving the shipment that reflects any such agreement.  *See Hughes*, 970 F.2d at 611-612; *Atlantic Mut. Ins. Co. v. Yasumtomi Warehousing & Distrib., Inc.*, 326 F. Supp. 2d 1123, 1126 (C.D. Cal. 2004).[2]  A "reasonable opportunity to choose between different levels of coverage" means that the shipper had reasonable notice of the liability limitation and the opportunity to obtain information necessary to making a deliberate and well-informed choice.  *Hughes*, 970 F.2d at 612.  The carrier has the burden of proving its compliance with these requirements.  *Id.*

In the instant case, Plaintiff negotiated an agreement with Defendant for reduced freight charges, which carried a corresponding $25.00 per pound limitation of liability.  *UF* ¶¶ 8, 10.[3]  It is undisputed that Plaintiff accepted and signed the bill of lading, which incorporated Defendant's limitations of liability as set forth in Yellow Rules and Conditions Item 780.  *UF* ¶¶

---

[2]  As the court noted in *Atlantic*, the ICC Termination Act abolished an additional element requiring carriers to maintain an approved tariff.  *See* 326 F. Supp. 2d at 1126 n.2.

[3]  Although Plaintiff filed an opposition brief and a "Separate Statement of Genuine Issues of Material Fact," that statement does not track the movant's statement of undisputed facts, indicating which are disputed and which are not, as required by the Court's Standing Order.  *Standing Order* at ¶ 6(c)(1) ("The Court will not wade through a document to determine whether a fact really is in dispute.  To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact.").  Therefore, the Court assumes that the facts set forth in Defendant's Statement are uncontroverted.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3224 PSG (JTSLx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | E & S International Enterprises, Inc. v. Yellow Freight System, Inc., et al. | | |

9, 11-13. Moreover, Plaintiff requested and paid for excess liability coverage in the amount of $300,000. *UF* ¶¶ 14-15. Plaintiff would have had no reason to request and pay for excess liability coverage if it were unaware of Defendant's limitation of liability. Thus, Plaintiff's "purchase of insurance through [Defendant] makes it clear that Defendant's limited liability contained in its usual bill of lading is valid and enforceable." *Atlantic*, 326 F. Supp. 2d at 1128.

Plaintiff apparently does not dispute that Defendant satisfied the requirements to limit its liability under the Carmack Amendment. Instead, Plaintiff argues that the facts of the case raise the inference that Defendant converted the cargo for its own benefit; therefore, Plaintiff claims, the "conversion doctrine" precludes Defendant from asserting a liability limitation. Under federal common law, an appropriation of property by the carrier for its own uses will vitiate limits on liability. *Deiro v. Am. Airlines, Inc.*, 816 F.2d 1360, 1366 (9th Cir. 1987) (citing *Glickfeld v. Howard Van Lines, Inc.*, 213 F.2d 723, 727 (9th Cir. 1954)). Plaintiff has not pointed to any case where the court applied the conversion doctrine to invalidate an otherwise valid limitation on liability under the Carmack Amendment.[4]

Assuming that the conversion doctrine applies to actions arising under the Carmack Amendment, the Court finds that Plaintiff has not established a genuine issue of material fact with respect to its allegations that Defendant misappropriated the cargo for itself. The only evidence Plaintiff has proffered to support its conversion theory are affidavits of a surveyor and of Plaintiff's counsel, each of whom who made statements concerning the purported inadequacy of Defendant's investigation and the "suspicious" circumstances surrounding the cargo's disappearance. For example, the declaration of S.M. Wadhwani consists of his opinion as to what carriers "typically" do in the case of loss or theft of cargo, as well as his conclusions as to what steps Defendant took to investigate the loss. The Court notes, however, that Wadhwani appears to have no personal knowledge of Defendant's internal investigation. Plaintiff insists that it is "likely" that Defendant stole the iPods based on their high value and Plaintiff's apparent dissatisfaction with Defendant's communications and investigation.[5] But "[f]ederal courts do not presume a conversion, voiding the limitation of liability, to have occurred merely from a

---

[4] The statute itself does not provide a conversion exception to liability limitation.

[5] Defendant maintains that if its investigation had suggested any irregularity or wrongdoing on the part of Defendant, its excess insurer would have demanded further investigation before issuing the $300,000 check.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3224 PSG (JTSLx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | E & S International Enterprises, Inc. v. Yellow Freight System, Inc., et al. | | |

non-delivery." *Nippon Fire & Marine Ins. Co., Ltd. v. Holmes Transp., Inc.*, 616 F. Supp. 610, 612 (D.C.N.Y. 1985).

Although it may be that Defendant has been less than forthcoming about its investigation and the circumstances surrounding the loss or theft of the cargo, a reasonable fact-finder could not conclude, based solely on the evidence before the Court, that Defendant misappropriated the cargo for its own use.[6]  Plaintiff's "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081 (9th Cir. 1996).

IV.   Conclusion

For the foregoing reasons, summary judgment is GRANTED for Defendant.  Defendant shall submit a judgment within ten (10) days of the date of this order.

**IT IS SO ORDERED.**

---

[6]  The conversion doctrine applies only when there has been a "true conversion, i.e., where the carrier has appropriated the property for its own use or gain." *Glickfeld*, 213 F.2d at 727.  It will not invalidate a liability limitation in cases of theft by third parties or even by the carrier's own employees. *Id.*